# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A black Motorola cell phone with IMEI:<br>352179100795752 | ) ) ) ) ) ) Case No. 2:20-MJ-156 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the     Northern     District of     Texas    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 841(a)(1) and 846 | Conspiracy to Distribute and Possession with Intent to Distribute Cocaine |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

John Carson, DEA Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by    telephone    *(specify reliable electronic means)*.

Date: 10/20/2020

*Judge's signature*

City and state: Amarillo, Texas     Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

2:20-MJ-156

<u>AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR SEARCH WARRANT</u>

I, John Carson, a Special Agent with the Drug Enforcement Administration, do depose and say:

**Affiant's Qualifications**

1. I have been a Special Agent (SA) with the Drug Enforcement Administration (DEA) since November of 2016. I have received basic and advanced narcotics training from the DEA Academy in Quantico Virginia, Texas Narcotics Officer Association and other organizations. I have been employed as a law enforcement officer continuously since January of 1998. I am currently assigned as a Special Agent with the DEA's Amarillo Resident Office (RO). My duties include, but are not limited to, investigating drug trafficking organizations responsible for the money laundering, smuggling, distribution, and transportation of quantities of illegal controlled substances into and across the United States. I have investigated numerous drug trafficking organizations in the Amarillo, TX area since April of 2017.

This affidavit is intended to show only that there is probable cause for the requested warrant and does not set forth all of my knowledge about the matters related to the warrant.

**Source of Affiant's Information**

2. I make this affidavit based upon personal knowledge derived from my participation in this investigation and upon information I believe to be reliable from the following sources:

A. my experience investigating the distribution of illegal controlled substances and the laundering and transportation of drug proceeds;

B. oral or written reports, and documents about this investigation that I have received from members of the DEA and the Amarillo Police Department;

C. discussions I have had personally concerning this investigation with federal and state investigators who are experienced in investigating criminal organizations involved in drug trafficking;

### Purpose of this Affidavit

4. The information contained in this Affidavit is submitted for the sole purpose of supplying probable cause for the issuance of a search warrant for the subject electronic communications device. As shown in the following paragraphs, this devices is being used in furtherance of narcotics trafficking. There is probable cause to believe that evidence and instrumentalities of the offenses described herein continue to be located in the subject electronic communications device. The warrant is also being sought to discover evidence pertaining to: (1) possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (2) conspiracy to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846.

### Device to be Searched

5. I declare that the facts contained in this Affidavit show that there is probable cause to search the following electronic communications device:

a. There is in Potter County, Texas, a suspected electronic communications device (hereinafter referred to as "suspected device") and more specifically described as a black Motorola cell phone with blue backing model X-T2005-3 with IMEI: 352179100795752. The suspected device is currently secured at the Amarillo DEA office located at 500 South Taylor Street, Amarillo, Texas.

b. The Suspected device is owned or was in the possession of Gustavo GUTIERREZ ZAMARRON on or about October 14, 2020.

c. The suspected device which contains the data and information sought is currently in the care, custody, control and management of the members of the Amarillo DEA Resident Office.

**Electronic Storage and Forensic Analysis**

6. A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless devices used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books or contacts;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; recording and maintaining

important notes and records; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

7. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensic tools. Examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

8. There is probable cause to believe that things that were once stored on the devices may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, I know that files or remnants of such files can be recovered from electronic devices months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on an electronic device, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, an electronic device's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, storage media on these electronic devices contain electronic evidence of how a device has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Users of electronic devices typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

9. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how the electronic devices were used, the purpose of its use, who used it, and when it was used.

There is probable cause to believe that this forensic electronic evidence might be on the electronic device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the device was in use. System files can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on an electronic device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

## Facts in Support of Probable Cause

Affiant does believe that searching the devices identified in this affidavit is likely to produce evidence that the offenses described herein has been, is, or will be committed and that the person or persons and/or the suspected party has committed, is committing, or will commit the offenses.

10. In January and October of 2020, Agents from the Amarillo RO interviewed a DEA Confidential Source (CS) who identified Gustavo GUTIERREZ ZAMARRON as a cocaine dealer in the Amarillo, TX area and had been one for the past fifteen (15) years. The CS provided information that GUITERREZ ZAMARRON usually keeps cocaine in whatever vehicle he drives but usually sells cocaine out of his white work van.

11. On October 14, 2020, Agents set up surveillance on GUTIERREZ ZAMARRON at his residence of 1626 N. Seminole. GUTIERREZ ZAMARRON was observed going to and from the house and white work van multiple times. GUTIERREZ ZAMARRON departed his residence at approximately 7:55 a.m. driving his white work van and was followed by agents. After a short stop at a restaurant on Amarillo Blvd., an Amarillo Police Department (APD) Motors Unit conducted a traffic stop on the van and identified GUTIERREZ ZAMARRON as the driver and sole occupant. Prior to the stop agents observed GUTIERREZ ZAMARRON making furtive movements as attempting to conceal something in the vehicle. Special Agent (SA) Chris Brown arrived to assist APD Cpl. Mike Williams at the traffic stop. APD Williams and SA Brown asked for and received consent to search the van. During the search of the vehicle, several small bundles of a white powdery substance that was packaged for street sale containing a white powdery substance believed to be cocaine. From what agents observed prior to the traffic stop, it is believed GUTIERREZ ZAMARRON concealed and attempted to destroy the small bundles in the acetone. Further search of the vehicle located an additional approximately 223 grams of cocaine found that was both in hard chunks and powdered form. This is consistent with larger dealer amounts of cocaine being broken or cut off a full kilogram brick of cocaine.

12. During the traffic stop, GUTIERREZ ZAMARRON had a Motorola cell phone (suspected device) that was taken for evidence. GUTIERREZ ZAMARRON was observed using a cell phone while driving his van during surveillance. During the interview in January of 2020, the DEA CS told Agents GUTIERREZ ZAMARRON

would meet buyers to sell cocaine and that the CS had previously purchased cocaine from GUTIERREZ ZAMARRON and provided a cell phone number for GUTIERREZ ZAMARRON of 806-223-5640. GUTIERREZ ZAMARRON provided the same cell phone number during booking after being arrested from the traffic stop for the cocaine on October 14, 2020. The affiant is aware that narcotics dealers frequently utilize cell phones to communicate in order to meet their customers to sell their product. GUTIERREZ ZAMARRON also stated he had no other phone numbers at the time he was booked. During the booking process GUTIERREZ ZAMARRON's cell phone rang several times, which can also be consistent with narcotics dealing.

## Conclusion

Your Affiant submits that based upon the above facts, there is probable cause to believe that Gustavo GUTIERREZ ZAMARRON has committed the offenses of possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and conspiracy to possess with intent to distribute a controlled substance, in violation to Title 21, United States Code, Section 846. I further believe that there is probable cause to believe that evidence, contraband, fruits of crime, items illegally possessed, and property designed for use, intended for use, and used in committing this crime (as itemized in Attachment B to the Application for Search Warrant) will be found in a black in color Motorola cell phone (suspected device).

Accordingly, I respectfully ask for a warrant to search the premises under Rule 41 of the Federal Rules of Criminal Procedure.

_____
John Carson
Special Agent
Drug Enforcement Administration

Attested to in accordance with the requirements of Fed. R. Crim. P 4.1 by telephone this the __20th__ day of __October__ 2020.

_____
Lee Ann Reno
UNITED STATES MAGISTRATE JUDGE

s/ Anna Marie Bell
Anna Marie Bell
Assistant United States Attorney

## Attachment A

## Property to Be Searched

DEA Non Drug Exhibit N-7 described as a black Motorola cell phone with IMEI: 352179100795752 (Photo Attached)





DEA Non Drug Exhibit N-2 described as a black Apple I-phone cell phone (Photo Attached)



## ATTACHMENT "B"
## LIST OF ITEMS TO BE SEARCH FOR AND SEIZED

### Property to be Searched and Seized

All electronic records relating to violations of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), including:

Text messages;
E-mail messages;
Voice mail messages;
Internet browsing history;
Historical location (GPS) data;
Photos;
Video;
Audio files;
Calendars;
Word processing documents;
Spreadsheets;
Text files;
Contact names and telephone numbers;
Incoming and outgoing call logs; and
Forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when it was used.

During the execution of the search warrant described in Attachment A, law enforcement personnel are authorized to press the finger, including thumb, or present the iris or face of Gustavo GUTIERREZ ZAMARRON to the appropriate biometric sensor on their listed and claimed device for the purpose of attempting to unlock the device via a biometric authentication feature in order to search the contents as authorized by this warrant.